CHIEF JUSTICE GRAY,
dissenting.
¶35 I respectfully dissent from the Court’s opinion. I cannot agree with the Court’s extraordinary decision to address a secondary issue involving a choice of law and conflict of law issue prior to resolving the threshold issue of whether the District Court has subject matter jurisdiction over Burchett’s wrongful discharge claim. Nor can I agree that the conflict of law analysis provides an appropriate basis for determining subject matter jurisdiction. A trial court cannot perform a conflict of law analysis unless and until it has subject matter jurisdiction.
¶36 Simply stated, the Court’s opinion puts the cart before the horse. “[W]here the action is transitory, a right arising under, or a liability imposed by, either the common law or statute of a state may be asserted and enforced in any court having jurisdiction of the subject matter and of the parties ....” 16 Am. Jur. 2d Conflict of Laws § 9 (1998) *104 (emphasis added). The District Court determined, as a threshold matter, that it lacked subject matter jurisdiction. I would affirm.
¶37 Subject matter jurisdiction is the power of a court to hear and adjudicate the claim brought before it. In re B.F., 2004 MT 61, ¶ 18, 320 Mont. 261, ¶ 18, 87 P.3d 427, ¶ 18. In other words, a court is without authority to act absent subject matter jurisdiction. Subject matter jurisdiction may be conferred by statute. See, e.g., In re B.F., ¶ 19. Here, Burchett’s complaint against MasTec alleged violation of the WDEA. The WDEA provides the exclusive remedy in Montana for wrongftd discharge from employment. Section 39-2-902, MCA. However, the WDEA does not apply to a discharge which “is subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute.” Section 39-2-912(1), MCA. Thus, while a Montana district court generally has subject matter jurisdiction over wrongful discharge claims pursuant to the WDEA, it does not have subject matter jurisdiction over a wrongful discharge claim where other state or federal legislation provides a procedure for resolving the claim.
¶38 In its order granting MasTec’s motion to dismiss, the District Court found that Indiana has legislated on the subject of employment and the discharge therefrom. On that basis, the court concluded that § 39-2-912(1), MCA, precluded extraterritorial application of the WDEA to Burchett’s claim that he was wrongfully discharged in Indiana. In other words, the District Court concluded that it had no power pursuant to the WDEA to hear and adjudicate Burchett’s claim-it had no subject matter jurisdiction. I would conclude that Burchett has not established on appeal that the District Court’s finding that Indiana has legislated on the subject of employment and discharge therefrom is clearly erroneous. Consequently, I would further conclude that the court’s determination-based on that finding-that it had no power pursuant to § 39-2-912(1), MCA, to hear and adjudicate Burchett’s claim under the WDEA is correct. As a result, I would affirm the District Court’s grant of MasTec’s motion to dismiss for lack of subject matter jurisdiction. I dissent from the Court’s failure to do so.
JUSTICE NELSON joins in the foregoing dissenting opinion.